CLYDE & CO US LLP
BRUCE D. CELEBREZZE, Bar No. 102181
*bruce.celebrezze@clydeco.us*
MICHAEL A. TOPP, Bar No. 148445
*michael.topp@clydeco.us*
ROGER W. CLAYTON, Bar No. 298819
*roger.clayton@clydeco.us*
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800
Facsimile: (415) 365-9801

Attorneys for Plaintiff
KEMPER INDEPENDENCE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| KEMPER INDEPENDENCE INSURANCE COMPANY, an Illinois corporation.<br><br>Plaintiff,<br>v.<br><br>ROBERT KEMPLEY, an individual citizen and resident of California,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kemper Independence Insurance Company ("Kemper"), for its complaint against defendant Robert Kempley ("Kempley"), alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this action is founded upon 28 U.S.C. § 1332, as the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(c), in that Kempley is a resident of this district.

**PARTIES**

3. Kemper is a corporation organized and existing under the laws of the State of

Illinois, with its principal place of business in Jacksonville, Florida.

4. Robert Kempley is an individual residing in the City of Redding, County of Shasta, California.

## PRELIMINARY ALLEGATIONS

**A. The Kemper Policy**

5. Kemper issued Package Plus Policy RQ334737 to named insureds Robert and Diane Kempley for the policy period November 19, 2016 to November 19, 2017 (the "Policy"). The Policy provides insurance pursuant to all of its terms, conditions, limitations, exclusions, and endorsements.

6. The Policy includes auto liability coverage with a bodily injury limit of $250,000 per person and $500,000 per accident. The Policy also includes a Personal Catastrophe Liability endorsement with a limit of $1,000,000 per occurrence.

7. The Policy provides property, liability, and personal auto coverage pursuant to the Package Plus Form, VS 2163 (10 09), as amended. In Section III – Part A – Liability Coverage, the policy provided in part:

> **INSURING AGREEMENT**
>
> **A.** We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured." We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payments of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.
>
> **B.** "Insured" as used in this Part means:
>
> 1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer."
>
> \* \* \*

8. The Personal Auto Liability Coverage is subject to the following exclusions, among

others:

**EXCLUSIONS**

**A.**   We do not provide Liability Coverage for any "insured":

\* \* \*

   3.   For "property damage" to property:

      a.   Rented to;

      b.   Used by; or

      c.   In the care of;

that "insured."

This exclusion (A.3.) does not apply to "property damage" to a residence or private garage.

\* \* \*

   6.   While employed or otherwise engaged in the "business" of:

      a.   Selling;

      b.   Repairing;

      c.   Servicing;

      d.   Storing; or

      e.   Parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery.

   7.   Maintaining or using any vehicle while that "insured" is employed or otherwise engaged in any "business" (other than farming or ranching) not described in exclusion A.6.

This exclusion (A.7.) does not apply to the maintenance or use of a:

      a.   Private passenger auto;

      b.   Pickup or van; or

      c.   "Trailer" used with a vehicle described in a. or b. above.

\* \* \*

9. The policy provides additional liability insurance pursuant to Form AK 3714 (07 05), entitled "Personal Catastrophe Liability Endorsement – California." The insuring agreement of this endorsement provides, in part:

**INSURING AGREEMENTS**

**I.     Coverage A – Personal Liability**

We will pay that portion of the damages for bodily injury, personal injury or property damage a covered person is legally responsible for which exceeds the retained limit.

**II.    Defense – Settlement**

If it is claimed that a covered person is legally responsible for damages which are not payable (1) under any underlying insurance or (2) due to exhaustion of all underlying insurance, but which are covered under this endorsement except for the retained limit, we will:

a)     Provide a defense by counsel of our choice. We may investigate and settle the claim or suit as we see fit. Our duty to defend ends when our limit of liability is exhausted by payment for damages;

\* \* \*

**III.   Retained Limit – Limit of Liability**

Our liability for damages resulting from one occurrence is only for that portion of the damages which exceeds the retained limit. The covered person must promptly pay us any amount of the damages we pay which falls within the retained limit.

We will never pay more than the limit of liability shown in this endorsement or in the declarations for all damages resulting from one occurrence.

\* \* \*

10. The Definitions section of the Personal Catastrophe Liability Endorsement defines "covered person," "bodily injury," "property damage" and "retained limit" as follows:

**DEFINITIONS**

\* \* \*

"Covered person" means:

a)   You;

\* \* \*

"Bodily injury" means:

Bodily harm, sickness, disease, death or disability, including shock, mental anguish and mental injury arising therefrom.

\* \* \*

"Property damage" means physical injury to tangible property.  It includes loss of use of injured property.

\* \* \*

"Retained limit" means the larger of:

a)   The total of the applicable limits of all required underlying insurance described in Schedule A of this endorsement and any other insurance available to a covered person; or

b)   $250.

11.   The personal catastrophe liability coverage is subject to an exclusion stating:

**EXCLUSIONS**

This endorsement does not apply to:

\* \* \*

m)   Business activity or business property. …

This exclusion does not apply to:

\* \* \*

2.   Activities which are ordinarily incident to non-business pursuits

\* \* \*

12.   The Personal Catastrophe Liability Endorsement defines "Business" as follows: "'Business' includes trade, profession, occupation or the rental or holding for rental of any part of any premises by a covered person."

**B.     The Auto Accident**

13.     Kemper is informed and believes and thereon alleges that Kempley is a professional mechanic who operates a business known as Redding Vintage Motorsports, whereby he provides restoration and maintenance services for vintage race cars.

14.     Kemper is informed and believes and thereon alleges that from time to time, Kempley has worked as an independent contractor for Horizon Racing and Performance in Puyallup, Washington ("Horizon"), and that Horizon offers transportation and support services for owners of vintage sports cars.

15.     Kemper is informed and believes and thereon alleges that in or around June 2017, Kempley contracted with Horizon to provide trackside support for a Horizon customer, William Parent ("Parent"), a resident of the Seattle, Washington area, who was racing his vintage auto at the Brickyard Vintage Racing International competition being held at the Indianapolis Motor Speedway from June 16-18, 2017.

16.     Kemper is informed and believes and thereon alleges that as part of the service provided by Horizon, Kempley was hired to fly to Seattle, and drive Parent's motor home, a 2006 Tiffin Phaeton, from Seattle to Indianapolis before the race, and back to Seattle after the race, towing a trailer owned by Horizon carrying Horizon's tools and equipment.

17.     Kemper is informed and believes and thereon alleges that on June 20, 2017, Kempley was driving Parent's motor home back to Seattle from Indianapolis after the race, accompanied by another Horizon contractor, Tracy Dye ("Dye). Kempley and his passenger Dye were traveling westbound on Interstate 90 near Laurel, Montana when Kempley lost control of the motor home and left the roadway (the "Auto Accident").

18.     Kemper is informed and believes and thereon alleges that the Auto Accident resulted in serious bodily injury to Dye, and that Dye has incurred expenses for medical care and treatment in excess of $75,000. Kemper is also informed and believes that the Auto Accident resulted in damage to Parent's motor home and Horizon's trailer in excess of $75,000.

19.     Kemper is informed and believes that Dye has asserted that Kempley is liable for bodily injury resulting from the Auto Accident, and that Parent and Horizon have each asserted

that Kempley is liable for damage to their personal property resulting from the Auto Accident.

## CLAIM FOR RELIEF – DECLARATORY JUDGMENT

**(No Coverage for Bodily Injury and Property Damage)**

20. Kemper incorporates by reference, as if fully restated here, all preceding paragraphs of this complaint.

21. An actual controversy has arisen and now exists between Kemper, on the one hand, and Kempley, on the other hand, concerning their respective rights and duties under the Policy as respects insurance coverage for the bodily injury suffered by Dye, and the property damage incurred by Parent and Horizon, as a result of the Auto Accident.

22. Kemper contends that it has no obligation to defend or indemnify Kempley under the Policy for the bodily injury claims of Dye or the property damage claims of Parent and Horizon as a result of the Auto Accident, based on the following exclusions, among other reasons:

   a. There is no coverage for the property damage incurred to Parent's motor home or Horizon's trailer because the Policy does not provide liability coverage for property damage to property "used by" or "in the care of" Kempley (Exclusion A.3.);

   b. There is no coverage for Dye's bodily injury claims because the Auto Accident occurred while Kempley was employed in the "business" of repairing or servicing vehicles designed for use mainly on public highways (Exclusion A.6.);

   c. Alternatively, there is no coverage for Dye's bodily injury claims because the Auto Accident occurred while Kempley was using the motor home while employed or otherwise engaged in a "business" not described in Exclusion A.6. (Exclusion A.7.);

   d. There is no coverage for Dye's bodily injury claims or Horizon or Parent's property damage claims under the Personal Catastrophe Liability Endorsement, because his operation of the motor home was part of his business activity.

23. Kemper is informed and believes and thereon alleges that Kempley contends that Kemper is obligated to defend and indemnify him under the Policy for the bodily injury suffered by Dye, and the property damage incurred by Parent and Horizon, as a result of the Auto Accident.

24. Kemper desires a judicial determination of its rights and duties under the Policy

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

with respect to coverage for the bodily injury claims by Dye, and the property damage claims by Parent and Horizon as a result of the Auto Accident.

25.  A judicial determination is necessary and appropriate at this time under the circumstances in order that the parties may ascertain their rights and duties as aforementioned. Said controversy is incapable of resolution without judicial adjudication.  Accordingly, Kemper has no plain, speedy and adequate remedy at law, and requests a declaratory judgment, adjudging that there is no coverage under the Policy for the bodily injury suffered by Dye, and the property damage incurred by Parent and Horizon as a result of the Auto Accident.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Kemper Independence Insurance Company prays for relief as follows:

1. For a judgment that, by reason of the terms, conditions, exclusions and limitations of the Policy, Kemper has no obligation to defend or indemnify Kempley under the Policy for the bodily injury claims of Dye or the property damage claims of Parent and Horizon as a result of the Auto Accident;
2. On all causes of action, for costs incurred herein; and
3. For such other and further relief as the Court deems just and proper.

DATED: August 27, 2018            CLYDE & CO US LLP

By:        /s/ Bruce Celebrezze
     Bruce D. Celebrezze
     Michael A. Topp
     Roger W. Clayton
     Attorneys for Plaintiff
     KEMPER INDEPENDENCE INSURANCE COMPANY

CLYDE & CO US LLP
101 Second Street, 24th Floor
San Francisco, California 94105
Telephone: (415) 365-9800

3958960                        -8-                           Case No.
COMPLAINT FOR DECLARATORY JUDGMENT

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff Kemper Independence Insurance Company hereby demands a jury trial on all issues triable of right by a jury.

DATED: August 27, 2018          CLYDE & CO US LLP

By: _____/s/ Bruce Celebrezze_____
Bruce D. Celebrezze
Michael A. Topp
Roger W. Clayton
Attorneys for Plaintiff
KEMPER INDEPENDENCE INSURANCE COMPANY